IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| GEORGE EDWARD PRICE, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 3:12-cv-49 |
| | : | |
| v. | : | PROCEEDINGS UNDER |
| | : | 42 U.S.C. § 1983 |
| Captain KENNETH STEWART, *et al.*, | : | |
| | : | |
| Defendants. | : | |

_____

*ORDER ON UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

Before the Court is the United States Magistrate Judge's Report and Recommendation [Doc. 38] that Defendants' Motion for Summary Judgment be granted because Defendants did not violate Plaintiff's constitutional rights, and they are therefore entitled to qualified immunity. Plaintiff filed an Objection to the Recommendation [Doc. 39]. Having considered Plaintiff's Objections and having investigated those matters *de novo*, this Court agrees with the findings and conclusions of the United States Magistrate Judge that Defendants are entitled to qualified immunity, and thus their Motion for Summary Judgment [Doc. 27] must be GRANTED. The Report and Recommendation [Doc. 38] of the United States Magistrate Judge is therefore **ADOPTED** and **MADE THE ORDER OF THE COURT**. Plaintiff's Motion to

1

Appoint Counsel [Doc. 40] is **DENIED AS MOOT**.

In this action pursuant to 42 U.S.C. § 1983, Plaintiff asserts Defendants violated his constitutional rights by falsely arresting him, using excessive force, unlawfully detaining him, and denying treatment for his medical needs.  Despite Plaintiff's objections, the Court agrees with the Recommendation that Defendants are entitled to judgment as a matter of law because the evidence, viewed in the light most favorable to Plaintiff, establishes Defendants did not violate Plaintiff's constitutional rights and are therefore entitled to qualified immunity from suit.

In his Objection, Plaintiff simply restates the arguments he set forth in his response to the Motion for Summary Judgment and fails to raise any issue of material fact.  This Court agrees that the evidence establishes Defendants are entitled to qualified immunity on each of Plaintiff's claims.  As to the false arrest claims, Defendants had, at minimum, arguable probable cause to arrest Plaintiff based on the information supplied by the Madison County Sheriff's Office indicating Plaintiff was a suspect in his wife's murder.  As to the excessive force claims, Defendants suspected Plaintiff of murdering his wife, and, despite Plaintiff's protestations otherwise, Defendants reasonably believed Plaintiff delayed in obeying an order to turn off his motorcycle.  Given the severity of the crime and the failure to immediately abide by a command, the level of force used (of short duration, resulting in minor injuries) was not unreasonable.  As to

the unlawful detention claim, Defendants had at least arguable probable cause to detain Plaintiff, and therefore the detention was valid. Finally, as to the denial of medical treatment claim, Plaintiff's injuries—a small knot on his head, bruises, and abrasions—did not constitute a serious medical need.

Also in his Objections, Plaintiff appears to request this Court allow him to amend his Complaint. His request, however, must be denied. Because Plaintiff moves to amend his Complaint after the scheduling order deadline, he must demonstrate "good cause" under rule 16(b) of the Federal Rules of Civil Procedure before the Court can consider whether any proposed amendments are proper under Rule 15(a).[1] Plaintiff has failed to establish good cause. His request to amend comes almost one year after the close of discovery and almost seven months after Defendants filed their Motion for Summary Judgment. Plaintiff has failed to act diligently, and his request is not supported by good cause.

For the reasons set forth above, the Court agrees with the Magistrate Judge's findings and conclusions that Defendants are entitled to qualified immunity, and their Motion for Summary Judgment should be granted. Thus, the Report and Recommendation of the United States Magistrate Judge [Doc. 38] is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**. Plaintiff's Motion to Appoint Counsel

---

[1] *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

[Doc. 40] is **DENIED AS MOOT**.

      **SO ORDERED**, this 21st day of March, 2014.

                                    <u>S/ C. Ashley Royal</u>
                                    C. ASHLEY ROYAL
                                    UNITED STATES DISTRICT JUDGE

SSH